## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANCISCO MENDOZA ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-7031** |
| **OLD REPUBLIC INSURANCE CO. ET AL** | **SECTION "L" (4)** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Defendants and Cross-Claimants Alan and Dawn Ingersoll. R. Doc. 27. Defendants AIG Assurance Company, AIG Property Casualty Company, and AIG Specialty Insurance Company oppose. R. Doc. 28. For the reasons that follow, the motion is **GRANTED**.

### I.    BACKGROUND

This is the third time this Court is faced with claims arising out of this November 22, 2010 automobile accident. Francisco and Eric Mendoza ("the Mendozas") were guest passengers in a vehicle owned by Alan and Dawn Ingersoll ("the Ingersolls"). When the vehicle experienced a mechanical or electrical problem, the Ingersolls stopped in the right lane of I-10. Francisco Mendoza exited the vehicle to instruct oncoming traffic to change lanes. Christopher Guarino ("Guarino"), driving a truck owned by Ryder Integrated Logistics and/or Ryder Truck Rental ("Ryder") and carrying goods for CVS Pharmacy, Inc., failed to heed his warning and rear-ended the Ingersoll vehicle.

The Mendozas allegedly sustained injuries. They sued Alan and Dawn Ingersoll ("the Ingersolls") and Ryder, Guarino, CVS, and Ryder's insurer, Old Republic Insurance Company (together, "Ryder Defendants") in the Civil District Court for the Parish of Orleans on November 7, 2011. The Ingersolls filed a crossclaim against the Ryder Defendants on November 10, 2011.

The Ryder Defendants removed the action on December 9, 2011, without the consent of the Ingersolls. The Ryder Defendants argued that the Ingersolls' consent to removal was not required, because the Mendozas had no valid cause of action against the Ingersolls and because the Ingersolls should be realigned as plaintiffs. In June 2012, this Court held that the Mendozas had a potential tort claim against the Ingersolls and denied the Ryder Defendants' request to realign the Ingersolls as plaintiffs. The action was remanded.

The Mendozas settled with the Ryder Defendants on November 22, 2016 and dismissed their lawsuit, without any settlement or release from the Ingersolls. The Ryder Defendants attempted to remove the action a second time, and the Ingersolls argued that removal was untimely under § 1446, since it occurred "more than 1 year after commencement of the action." The Ryder Defendants argued that the settlement indicated that the Ingersolls' interests had been aligned with the Mendozas' all along – thus, the action was removable on its initial pleading and the one-year limit did not apply. Although the settlement documents were unusual, this Court did not find them indicative of any error in its prior order denying realignment and granting remand, and the action was remanded for a second time on March 30, 2017.

Ultimately, the Ingersolls entered into a *Gasquet* settlement with the Ryder Defendants, granting a full release and discharge of all claims against the Ryder Defendants and reserving their right to pursue the Ryder Defendants' excess insurers. That same day, the Ingersolls were granted leave to amend their crossclaim and name excess insurers – AIG Assurance Company, AIG Property Casualty Company, and AIG Specialty Insurance Company ("AIG Defendants") – as new defendants in crossclaim.

The AIG Defendants were served on July 2 and 3, 2018, and removed the action on July 26, 2018 on the basis of diversity. R. Doc. 1. The Ingersolls move to remand.

2

## II.     PRESENT MOTION

The Ingersolls argue that (1) as co-defendants, their consent to removal is required; (2) this Court has already properly refused to realign the parties; and (3) removal is untimely under § 1446's one year limit.

The AIG Defendants oppose. First, they argue that realignment is not necessary given the current procedural posture of the case, because the only parties left are (1) the Ingersolls (2) asserting claims against the AIG Defendants (since the other named defendants are protected from further judgment pursuant to the *Gasquet* settlement). When the AIG Defendants were brought into this suit, the Mendozas were no longer parties. Thus, they contend that this is a new suit commenced against the AIG Defendants, and the Mendozas are irrelevant and realignment is unnecessary.

Should the Court find that realignment is necessary, the AIG Defendants contend that the Ingersolls are "plaintiffs" here, because:

(1) The Ingersolls are the only parties to pursue claims against the AIG Defendants
(2) Based on the *Gasquet* settlement, the Ingersolls' only remaining viable claim is a direct action against the AIG Defendants as excess insurers
(3) The principal purpose of the Ingersolls' suit against the AIG Defendants is to recover for injuries allegedly caused by AIG Defendant's insureds, who are immune from further judgment pursuant to the *Gasquet* settlement
(4) The trial in this matter will proceed without any involvement of the Mendozas or their alleged claims against the Ingersolls, and
(5) The Mendozas have dismissed all claims and have not been involved in this lawsuit since November 2016.

The AIG Defendants also point to the Joint Pre-Trial Order filed in state court, where the Ingersolls define themselves as "Plaintiffs," AIG's insureds are defined as "Defendants," and the Mendozas are not named.

Finally, the AIG Defendants argue that the one-year time limit does not apply, because this is a new suit commenced against new parties.

## III.   LAW AND ANALYSIS

Section 1441(a) of Title 28 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant … to the district court." 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions between citizens of different states in which the matter in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). All properly joined and served defendants must consent to removal. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1257 (5th Cir. 1988).

§ 1446 provides, in pertinent part:

**(b)(2)(B)** Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

**(b)(3)** Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

**(c)** Requirements; removal based on diversity of citizenship – (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

A case may not be removed on the basis of diversity more than one year after commencement of the action. A state's own rules of procedure govern when an action is "commenced." Article 421 of the Louisiana Code of Civil Procedure directs that a civil action "is commenced by the filing of a pleading presenting the demand to a court of competent jurisdiction." Since this lawsuit was originally filed seven years ago, the Ingersolls contend that the AIG Defendants' removal is well outside the one year limitation.

4

The AIG Defendants argue, however, that a new suit is "commenced" by the addition of a new defendant – so when the Ingersolls amended their crossclaim to add the AIG Defendants, a new period of removability opened for them. They rely on *Braud v. Transp. Serv. Co. of Illinois*, where the Fifth Circuit held that amending a complaint to add a new defendant "commences" a new suit for the purposes of the Class Action Fairness Act (CAFA). 445 F.3d 801, 804 (5th Cir. 2006). Thus, "as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court." *Id.* at 805. This result, however, is justified by the specific language of CAFA. As the *Braud* court noted, CAFA expressly states that a class action may be removed "in accordance with section 1446 (*except that the 1-year limitation under section 1446(c)(1) shall not apply*)." 28 U.S.C.A. § 1453 (emphasis added). The CAFA exception to the one year limitation is not applicable to this non-CAFA case.

Because this lawsuit commenced when it was filed in state court in 2011, the instant removal is untimely. The fact that the AIG Defendants were added seven years later "does not alter the Court's analysis of 'commencement of the action.'" *Loyola Univ. New Orleans v. MAPP Const. Inc.,* No. 10-934, 2010 WL 11538698, at *3 (E.D. La. May 6, 2010). Indeed, "[i]n cases not initially removable, the one year limitation applies even if new defendants are added or new claims are asserted." *Id.*; *see also Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F. Supp. 600, 662 (M.D. La. 1997) ("Congress specifically put an overall time limit when a party seeks to remove an action pursuant to 28 U.S.C. § 1332" that "applies even if new defendants are added or new claims are asserted."); *Royer v. Harris Well Serv., Inc.*, 741 F. Supp. 1247, 1248 (M.D. La. 1990) ("[I]t is immaterial that [the removing party] was not added as a defendant until some four years after the suit was filed.").

## IV.    CONCLUSION

For the foregoing reasons, the Ingersolls' motion to remand, R. Doc. 27, is **GRANTED**.

New Orleans, Louisiana, this 25th day of October, 2018.

_____
UNITED STATES DISTRICT JUDGE